**William Charles MULHOLLAND, Sr., Plaintiff—Appellant,**

v.

**SNOHOMISH COUNTY, Defendant— Appellee.**

No. 02–35822.

D.C. No. CV–01–01413–TSZ.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 18, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM**

Federal prisoner William Charles Mulholland, Sr. appeals pro se the district court's judgment in his action for declaratory relief. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo,

*Aydin Corp. v. Union of India,* 940 F.2d 527, 527 (9th Cir.1991), and we reverse and remand with instructions to dismiss the declaratory action for lack of jurisdiction.

Mulholland brought this action seeking a declaration that he did not breach his plea agreement with the United States Attorney by filing a 28 U.S.C. § 2255 motion, and that the County of Snohomish be barred from re-filing state criminal charges against him. The district court concluded that these matters were justiciable. We disagree.

The issue of whether Mulholland breaches his plea agreement by filing a section 2255 motion is more appropriately considered in that proceeding. *See United States v. Barron,* 172 F.3d 1153, 1158 (9th Cir.1999) (en banc) (discussing the effect of defendant's section 2255 motion on plea agreement). Moreover, Mulholland's request for a declaration prohibiting future prosecution is unripe for adjudication because "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *See Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (internal quotations omitted). Accordingly, we reverse the district court's judgment and remand with instructions to dismiss the action for lack of jurisdiction.

**REVERSED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.